UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale)

CASE NUMBER

JEFFERY R. BELL,

    Plaintiff,

v.

GREGORY TONY, in his official capacity
as Sheriff of Broward County,

    Defendant.
_____/

## **VERIFIED COMPLAINT**

Plaintiff, JEFFERY R. BELL through undersigned counsel, hereby sues Defendant, GREGORY TONY, in his official capacity as the Sheriff of Broward County and, and states the following:

## **INTRODUCTION**

This is a case about the scope of free speech during an unprecedented time in our nation's history, while a pandemic of COVID-19 viral infections kills thousands every day. The scourge has infected Florida, as well as every other state. Businesses, schools, sports activities, and even courts were closed or operating on limited schedules, while the populace was instructed to "shelter in place" and to wear a mask when venturing out, among other restrictions. Jeffery Bell, a Broward County Sheriff's deputy of 25 years and prior to his termination, President of the collective bargaining unit of deputies and sergeants, the International Union of Police Associations Local 6020, spoke out about the perils of the Coronavirus pandemic facing law enforcement first responders. In his capacity as Union President, Bell complained publicly that

the Sheriff has failed to provide a sufficient supply of personal protective equipment for members of the union, Bell voiced his opinion that the Sheriff's Office was unprepared for the pandemic and that the Sheriff's public statements to the contrary were false and dangerous to deputies and the community they serve.

On April 10, 2020, the Sheriff suspended Bell with pay because of his speech, contending that Bell's statements were false and constituted "conduct unbecoming" a Broward Sheriff's Office ("BSO") employee. The terms of the suspension suppressed Bell's public speech, and he risked more severe adverse action, and are unclear as to whether he may speak privately with union members, if not publicly. For nearly two years, Bell remained "under investigation."

During those two years, the Sheriff was criminally investigated for lying on various applications to become a law enforcement officer in Florida, and subsequent misrepresentations made under oath in order to be appointed and elected as sheriff. Those lies related to an arrest for murder, a false statement on a driver's license replacement application, ingesting LSD, and his traffic citation history. The Sheriff was not prosecuted for those offenses. A day or so before it was publicly disclosed that the Sheriff would not be prosecuted; the Sheriff terminated Jeffery Bell on January 27, 2022. All of the reasons Bell was terminated were based upon the Sheriff's determination, against the Sheriff's own testimony, Bell lied about the issue of COVID and personal protective equipment. Bell also is being held responsible for inspiring the investigations into the Sheriff. The Sheriff, as a witness and the final arbiter of discipline, determined Bell, who holds the position of Union President should be terminated. Because Bell was terminated as an employee of the Sheriff's Office, he cannot remain the elected President of the Deputies' Union to which he was elected. The Sheriff knows this.

In this action brought pursuant to 42 U.S.C. § 1983, Bell seeks declaratory relief regarding the constitutionality of the restrictions that have been imposed on him, and an injunction against the Broward Sheriff's Office, seeking reinstatement. In this lawsuit, Bell seeks to mitigate the damages of the violation of his First Amendment rights.

This case was originally filed in 2020; it was dismissed by the district court for failing to allege an "adverse employment action," because Bell was not terminated. *Bell v. Sheriff of Broward County,* 20-CV- 60772-AHS. Bell respectfully appealed, and the Eleventh Circuit affirmed. *Bell v. Sheriff of Broward County*, 6 F.4th 1374, 1379 (11th Cir. 2021). The Sheriff subsequently terminated Bell. The Sheriff's Office's act of terminating Bell's employment is an adverse employment action.

## JURISDICTION AND VENUE

1. This a federal claim brought under 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. § 2201 and § 2202, respectively.

2. Venue is proper in the Southern District of Florida because the Sheriff conducts his business in this district, and the facts giving rise to the claims alleged occurred in this district.

## PARTIES

4. Plaintiff, Jeffery Bell, and had been a Broward Sheriff's Deputy for over 25 years. He is also the duly elected President of the International Union of Police Associations ("IUPA") Local 6020. Bell held a special designated status within the Sheriff's Office because he holds a "full release position" from his law enforcement duties as a traditional deputy, in order to be a full time labor union president. Article 9 of the Collective Bargaining Agreement ("CBA") between the Sheriff and the Deputies' Union recognizes Bell's status.

5. IUPA is the registered collective bargaining unit between the Broward Sheriff's Office and the union of deputies and sergeants in the Broward Sheriff's Office.

6. Defendant, Gregory Tony, is the Sheriff of Broward County. He ran and won as a candidate for Sheriff of Broward County in the 2020 election after he was appointed by the governor prior to that election. He is sued in his official capacity, and this is therefore a suit against the Sheriff's Office. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

7. The Broward Sheriff's Office is a full-service, public safety agency in Broward County. It provides full-time law enforcement services in 14 Broward cities and towns and all of its unincorporated areas. Additionally, it protects the Broward County courthouses, the Fort Lauderdale-Hollywood International Airport, areas of the Everglades, including Port Everglades. It administers special law enforcement services to other law enforcement agencies in the county, in addition to running the County jail system.

## STATEMENT OF FACTS

8. On March 1, 2020, Florida Governor Ron DeSantis declared a Public Health Emergency due to COVID-19 pandemic (also known as Coronavirus).

9. On March 9, 2020, Governor DeSantis declared a State of Emergency and issued Executive Order 20-52.

10. On March 10, 2020, Broward County Administrator Bertha Henry declares a local state of emergency due to COVID-19.

11. On March 11, 2020, the World Health Organization declared a global pandemic due to the spread of COVID-19.

12. Being union president is a full time job. Plaintiff would speak daily with union members about concerns and complaints, process membership requests, send communications to members, process grievances regarding unfair labor practices, assist in employee arbitrations, hire legal counsel for its members, represents members in disciplinary hearings at the Public Safety Commission, develops and maintain membership benefits, and acts as the public voice of the union and its members, with the public and the news media.

13. Due to the national pandemic emergency of the coronavirus outbreak, Plaintiff has been expressing his concern on behalf of the Union and its members that Sheriff's Deputies do not have sufficient personal protective equipment ("PPE") to guard themselves against exposure to the coronavirus.

14. On March 16, 2020, an agent of the Sheriff sent an email to Plaintiff, threatening him with employment discipline if he were to appear on a radio show and speak about the lack of personal protective equipment available to deputies of the Sheriff's Office. *See* Exhibit – 1.

15. Plaintiff appeared on the radio show, but self-censored because of the threat to his employment status.

16. From March 16, 2020 to March 31, 2020, there were continued discrepancies between the Sheriff's pronouncements about the number of PPE distributed to various districts of the Sheriff's Office and the accurate number of PPE. *See* Exhibit – 2.

17. On March 23, 2020, Plaintiff again emailed the Sheriff regarding the inadequate supply of PPE for deputies, and the Union's efforts to help obtain PPE and other supplies from vendors. *See* Exhibit – 3.

18. On March 27, 2020, four BSO employees tested positive for COVID-19.

19. On April 4, 2020, the first Broward Sheriff's deputy died from the coronavirus.

20. At least nine (9) Sheriff's Office employees have died from COVID-19 since then.

21. On April 6, 2020, Plaintiff wrote an opinion piece for the Sun Sentinel newspaper about the peril deputies and the public faced because deputies' of the lack of PPE to protect themselves and to mitigate their transmission of the lethal infection to the public as they quickly respond from one call for service to another. *See* Exhibit – 4.

22. On April 7, 2020, the Sheriff held a press conference and inaccurately stated that no dispatchers were sick and only ten BSO employees were positive for COVID-19, when in actuality twenty employees had tested positive, and dispatchers had been evacuated from the Sunrise communications center the night before. The Sheriff later admitted that his earlier statements to the media had been inaccurate.

23. On April 10, 2020, Plaintiff wrote a "whistleblower" letter, pursuant to Florida Statute Section 112.3187(6) (2020), and sent it via email to the Sheriff in an effort to get a face to face meeting to discuss the pressing issues surrounding PPE and its availability to deputies. *See* Exhibit – 5.

24. On the same day that Plaintiff sent his whistleblower letter, April 10, 2020, he was suspended as a Broward Sheriff's deputy.

25. On April 10, 2020, an "Internal Memo" from the Sheriff's General Counsel advised Plaintiff that because he was suspended he was exercising his unilateral "discretion" to disqualify and remove Union President Bell from his "full release" position. This removal of status also precluded Bell from entering any Sheriff's Office property. *See* Exhibit -- 6 at 1.

26. On April 10, 2020, Plaintiff was advised that he was the subject of an Internal Affairs investigation opened on April 6, 2020. Plaintiff is alleged to have violated BSO policies

relating to truthfulness, corrupt practices, employee statements, conduct unbecoming and employee, and discretion. *See* Exhibit – 6 at 2.

27.     Plaintiff was suspended with pay. In addition to losing his position as Union President, he had to turn in his BSO issued badge, gun, and equipment. He cannot act as a law enforcement officer even off duty. He had to check in twice a day with the Internal Affairs division during specified hours.

28.     On January 27, 2022, the Sheriff terminated Bell from his employment from BSO. Sheriff Gregory Tony assessed the "truthfulness" of Bell's "statements" through the prism of his own statements and determinations as to what is truthful.

29.     Bell, being terminated as a deputy, has lost his ability to remain as President of the Union, lost his health insurance he was entitled to as an employee of BSO, lost his salary, and other benefits.

## First Claim for Relief – Declaratory Judgment

30.     Plaintiff realleges paragraphs 1 to 29 as if they were fully repeated herein.

31.     Plaintiff has been terminated without pay and benefits as a Sheriff's deputy based upon his free speech rights under the First Amendment. Because Plaintiff is terminated he is being punished for doing his job as President of the Union, which is to advocate for the rights and safety of Union members. Because he is terminated, the Sheriff's actions are a direct attack on the Union.

Wherefore, Plaintiff respectfully requests the Court to grant the following:

    a.     Assume jurisdiction over these causes of action.

    b.     A declaration pursuant to 28 U.S.C. §§ 2201-02 that the acts of the Defendant violate the First Amendment rights of Plaintiff;

    c.      Award Plaintiff his Attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

    d.      Such other additional relief that the Court deems just and reasonable.

### Second Claim for Relief – Preliminary and Permanent Injunctive Relief

32.    Plaintiff realleges paragraphs 1 to 31 as if they were fully repeated herein.

33.    Plaintiff has been terminated. He held a unique full release position as a Sheriff's deputy. He also was president of the labor union representing deputies and sergeants. Based upon his full release to the Union, his related speech rights regarding public matters are implicated under the First Amendment. Because Plaintiff is terminated he is being punished for doing his job as president of the Union. Plaintiff has a First Amendment right to assemble with his union membership and speak on their behalf at official Sheriff's Office functions including negotiations, discipline, and working conditions.

34.    Plaintiff has a First Amendment right to speak freely about issues of public concern relating to the Union and its members, even if critical of the Sheriff.

35.    The Sheriff terminated Plaintiff in violation of Plaintiff's exercise of his First Amendment rights.

Wherefore, Plaintiff respectfully requests the Court to grant the following:

    a.      Assume jurisdiction over these causes of action.

    b.      An injunction pursuant to 28 U.S.C. §§ 220e reinstating Plaintiff as a paid deputy sheriff, who can operate and function as president of the Broward Sheriff's Deputies Union, IUPA. And speak freely about issues of public concern.

    c.      Enjoin Sheriff Gregory Tony and his agents from disciplining Plaintiff or continuing or threaten disciplining Plaintiff for exercising his First Amendment rights attached to

his role as union president on a going forward basis. Reinstate Bell, so he fully act as a deputy in good standing and union president.

      d.      Award Plaintiff his Attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

      e.      Such other additional relief that the Court deems just and reasonable.

Respectfully submitted,

BUSCHEL GIBBONS, P.A.
Attorneys for Plaintiff
501 E. Las Olas Blvd., Third Floor
Fort Lauderdale, FL 33301
Tel: (954) 530-5748 (direct)
Email: Buschel@BGLaw-pa.com

By: _____/s/_____
ROBERT C. BUSCHEL
      Fla. Bar No: 0063436
      EUGENE G. GIBBONS
      Fla. Bar No: 839981

STATE OF FLORIDA

COUNT OF BROWARD

### VERIFICATION OF JEFFERY R. BELL

I, JEFFERY R. BELL, under penalty of perjury, do hereby depose and testify as follows:

I have personal knowledge of the facts stated above.  I am over the age of 18 years, and am competent to testify concerning the matters referenced above.

In accordance with 28 U.S.C. § 1746, I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed in Broward County, Florida, on February 27, 2022.


                                                /s/
                                       JEFFERY R. BELL